UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DC Preservation League,<br><br>            Plaintiff,<br><br>      v.<br><br>General Services Administration,<br><br>            Defendant. | Civil Action No. 26-32 (JDB) |

**<u>ANSWER</u>**

      Defendant, U.S. General Services Administration ("GSA"), by and through undersigned counsel respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiff DC Preservation League ("Plaintiff") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

      To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

# INTRODUCTION[1]

1.      This paragraph contains Plaintiff's characterization of this action and conclusions of law, to which no response is required. To the extent a response is required, Defendant admits only that it did not issue a final response within 20 days. Defendant respectfully refers the Court to the cited statutory provisions of 5 U.S.C. § 552 for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent therewith.

2.      This paragraph contains conclusions of law and Plaintiff's description of the FOIA's purpose, to which no response is required. To the extent that a response is required, Defendant avers that the cited statutory provisions of 5 U.S.C. § 552 are the best evidence of their contents and respectfully refers the Court to the cited statutory provisions of 5 U.S.C. § 552 for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent therewith.

3.      Admits. Defendant avers that the FOIA request is the best evidence of its contents and respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

4.      Admits that an automated response was sent to the Plaintiff acknowledging receipt of Plaintiff's FOIA request and that the FOIA request was assigned 2026-FOI-00605.

5.      Admits only that Defendant did not issue a final determination within 20 days. Defendant denies the remaining allegations contained in this paragraph.

6.      This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant admits only that it did not issue a final

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

determination within 20 days required by 5 U.S.C. § 552. Defendant denies the remaining allegations contained in this paragraph.

7. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

8. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

9. This paragraph contains conclusions of law and Plaintiff's characterization of this action, to which no response is required. To the extent that a response is required, Defendant admits only that it did not issue a final determination within 20 business days. To the extent the allegations in this paragraph seek to provide background facts in support of litigation unrelated to this FOIA litigation, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). Defendant is further without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, and therefore, denies the allegation.

10. This paragraph contains conclusions of law and Plaintiff's description of the relief it seeks, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## JURISDICTION AND VENUE

11. This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

12. This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent a response is required, Defendant admits that venue lies in this judicial district for a proper claim under FOIA.

13. This paragraph contains conclusions of law and Plaintiff's description of the relief it seeks, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## PARTIES

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph and on that basis denies the allegations.

15. Defendant admits that Defendant General Services Administration (GSA) is a department of the executive branch of the U.S. Government headquartered in Washington, D.C., and is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The remainder of this paragraph contains a conclusion of law to which no response is required.

## STATUTORY FRAMEWORK

**I.    Record Determination Deadline**

16. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that the cited statutory provisions of 5 U.S.C. § 552 are the best evidence of their contents and respectfully refers the Court to the cited statutory provisions of 5 U.S.C. § 552 for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

17. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that the cited statutory provisions of 5 U.S.C. § 552 are the best evidence of their contents and respectfully refers the Court to the cited statutory

provisions of 5 U.S.C. § 552 for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

18. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that the cited statutory provisions of 5 U.S.C. § 552 are the best evidence of their contents and respectfully refers the Court to the cited statutory provisions of 5 U.S.C. § 552 for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

## II. Expedited Processing

19. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that the cited statutory provisions of 5 U.S.C. § 552 are the best evidence of their contents and respectfully refers the Court to the cited statutory provisions of 5 U.S.C. § 552 for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

## III. Administrative Exhaustion and Judicial Review

20. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that the cited statutory provisions of 5 U.S.C. § 552 are the best evidence of their contents and respectfully refers the Court to the cited statutory provisions of 5 U.S.C. § 552 for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

21. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that the cited statutory provisions of 5 U.S.C. § 552 are the best evidence of their contents and respectfully refers the Court to the cited statutory provisions of 5 U.S.C. § 552 for a complete and accurate statement of their contents and denies

any allegations inconsistent therewith.

## FACTUAL ALLEGATIONS

I.     **The Related Action**

22.    This paragraph contains Plaintiff's characterization of a news report, and Defendant respectfully refers the Court to these reports for complete and accurate statements of its content and denies any allegations inconsistent therewith.

23.    Admits.

24.    This paragraph contains Plaintiff's description of the National Historic Preservation Act and National Environmental Policy Act. GSA avers that the cited statutes are the best evidence of their contents and respectfully refers the Court to the statutes for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

25.    This paragraph consists of Plaintiff's description of a separate litigation unrelated to the FOIA request at issue in this litigation. GSA avers that the filings in the cited litigation are the best evidence of their contents and respectfully refers the Court to those filings for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

26.    This paragraph consists of Plaintiff's description of a separate litigation unrelated to the FOIA request at issue in this litigation. GSA avers that the filings in the cited litigation are the best evidence of their contents and respectfully refers the Court to those filings for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

27.    This paragraph consists of Plaintiff's description of a separate litigation unrelated to the FOIA request at issue in this litigation. GSA avers that the filings in the cited litigation are the best evidence of their contents and respectfully refers the Court to those filings for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

28. This paragraph consists of Plaintiff's description of a separate litigation unrelated to the FOIA request at issue in this litigation. GSA avers that the filings in the cited litigation are the best evidence of their contents and respectfully refers the Court to those filings for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

29. This paragraph consists of Plaintiff's motivation for filing their FOIA request, to which no response is required. To the extent that a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegation.

## II.  DCPL's FOIA Request

30. Admits.

31. This paragraph consists of Plaintiff's description of its FOIA request. Defendant avers that the FOIA request itself is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

32. This paragraph consists of Plaintiff's description of its FOIA request. Defendant avers that the FOIA request itself is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

33. This paragraph consists of Plaintiff's description of its FOIA request and its request for expedited processing. Defendant avers that the FOIA request itself is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

34. This paragraph contains conclusions of law, to which no response is required. To

the extent that a response is deemed required, Defendant avers that the FOIA request itself is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

35. This paragraph consists of Plaintiff's description of itself, to which no response is required. To the extent that a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegation.

36. This paragraph consists of Plaintiff's description of its request for expedited processing, to which no response is required. To the extent that a response is deemed required, Defendant avers that the FOIA request itself is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

37. This paragraph consists of conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant avers that the FOIA request itself is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

### III. GSA's Acknowledgment and Status Updates

38. Admits.

39. Admits.

40. Admits.

41. Admits.

42. Admits.

43. Admits.

44. Admits.

45. Admits.

46. Admits.

47. Admits.

IV. **DCPL'S Follow-Up**

48. Admits.

49. Admits.

**CLAIMS FOR RELIEF**

**COUNT I – Failure to Make Timely Determination and Unlawful Withholding in Violation of FOIA (5 U.S.C. § 552)**

50. Defendant realleges and incorporates by reference all preceding paragraphs of this Answer as if fully stated herein.

51. The allegation in this paragraph contains a conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

52. Admits that the agency is required to make a final determination of proper FOIA requests, subject to the terms and limitations of the FOIA.

53. Admits.

54. Admits.

55. Admits.

56. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

57. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that it did not issue a final determination within 20 days.

58. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that it did not issue a final determination within 20 days.

59. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegation.

60. The allegations in this paragraph contain conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegation and denies that Plaintiff is entitled to any relief whatsoever.

**COUNT II – Failure to Provide Expedited Processing in Violation of FOIA (5 U.S.C. § 552(a)(6)(c) and GSA's Implementing Regulations (41 C.F.R. §§ 105-60.306(c))**

61. Defendant realleges and incorporates by reference all preceding paragraphs of this Answer as if fully stated herein.

62. Admits.

63. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief whatsoever.

64. Admits.

65. Admits.

66. Admits.

67. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegation and that Plaintiff is entitled to any relief whatsoever.

68. Admits.

69. The allegations in this paragraph do not aver any facts that require a response. To

the extent that a response is deemed required, Defendant denies the allegation.

70.	The allegations in this paragraph contain conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief whatsoever.

71.	The allegations in this paragraph contain conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

The remaining paragraphs set forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

**THIRD DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

**FOURTH DEFENSE**

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**FIFTH DEFENSE**

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request.

**SIXTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

**SEVENTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this action.

Dated: March 2, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachariah Weston Lindsey*
Zachariah (Zack) Weston Lindsey
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-6612

*Attorneys for the United States of America*