UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DC Preservation League,<br><br>     Plaintiff,<br><br>  v.<br><br>General Services Administration,<br><br>     Defendant. | Civil Action No. 26-32 (JDB) |

## JOINT STATUS REPORT

Pursuant to the Court's March 16, 2026, Order, ECF No. 16, Defendant U.S. General Services Administration ("Defendant" or "GSA") and Plaintiff DC Preservation League ("Plaintiff" or "DCPL") submit this status report to apprise the Court of the progress in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

The case concerns a November 20, 2025 FOIA request from Plaintiff to GSA seeking records related to plans to paint or otherwise alter the exterior of the Dwight D. Eisenhower Executive Office Building ("EEOB"). ECF No. 1, Compl. ¶ 31.

### Defendant's Position

Defendant reports that it processed 505 pages and made its first interim production to Plaintiff on April 30, 2026. Given the size of the production, records were delivered via Plaintiff's PAL account. Defendant further reports that consultations were sent to the Executive Office of the President and Department of Justice with a requested response date of April 10, 2026. The consultations are still pending with the other agencies, and GSA has requested they provide an estimated date of completion. Once received, GSA will produce those documents on a rolling basis. GSA is processing the next 500 pages of records and anticipates making a second production

on or before May 31, 2026.

Defendant maintains it is in compliance with the Court's Scheduling Order (ECF No. 16). Defendant is willing to produce a draft *Vaughn* index prior to the filing of its Motion for Summary Judgment in an effort to resolve the case without further briefing. Defendant respectfully proposes that the parties file their next joint status report on or before May 30, 2026.

**Plaintiff's Position**

Plaintiff alone asserts that Defendant's April 30, 2026 production suffers from three core defects: (1) it is unsupported by a *Vaughn* Index or any document-specific foreseeable harm analysis; (2) it relies on opaque and inadequately justified "consultations;" and (3) it fails to comply with the Court's April 1, 2026 Scheduling Order.

Plaintiff reviewed Defendant's April 30, 2026 production, which included "308 pages in total, with 211 pages in part and 97 pages released in full," with "47 pages…withheld in full and 35 pages [identified as] duplicates or non-responsive." Letter from Amanda Jones, FOIA Program Manager, U.S. Gen. Servs. Admin., to Jessie Barrington, at 1 (Apr. 30, 2026) (hereinafter, "Letter"). The production was not accompanied by a *Vaughn* Index or any document-specific articulation of foreseeable harm under 5 U.S.C. § 552(a)(8)(A)(i)(I). *See Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 3 F.4th 350, 369–70 (D.C. Cir. 2021) (requiring "a focused and concrete demonstration" of foreseeable harm tied to "the particular type of material at issue," and obligating agencies to "articulate both the nature of the harm…and the link between the specified harm and specific information contained in the material withheld"); *Jud. Watch, Inc. v. U.S. Postal Serv.*, 297 F. Supp. 2d 252, 256–57 (D.D.C. 2004) (*Vaughn* Index must be sufficiently detailed to permit document-specific review of asserted privileges). Plaintiff reserves all challenges to the adequacy of Defendant's search, the agency's segregability analysis under 5

2

U.S.C. § 552(b), and the invocation of Exemptions (b)(4), (b)(5), and (b)(6). *See* Letter at 1–2.

Plaintiff alone further notes that Defendant's representations regarding the pending consultations do not establish compliance with paragraph 2 of this Court's April 1, 2026 Scheduling Order, which requires Defendant to "request that other agencies return any consults within 20 calendar days." ECF No. 16 ¶ 2. Defendant states that it requested an April 10, 2026 response date from the consulted entities, and that it has since "requested they provide an estimated date of completion." A request for an estimated date of completion is not a request for return within 20 calendar days, and the April 10, 2026 response date Defendant set for itself is now 20 days past, with no documents produced from those consultations.

Plaintiff further notes that Defendant has identified the consulted entities as the Executive Office of the President and the Department of Justice, but has not identified the specific component of the Executive Office of the President to which records were referred, the date of each transmittal, the volume of pages referred to each entity, or any basis for concluding that the consulted entities have a "substantial interest" in records concerning the alteration of the EEOB exterior. Not every component of the Executive Office of the President is an agency within the meaning of FOIA, 5 U.S.C. § 552(a)(6)(B)(iii)(III), including the Office of Administration, which signed a Memorandum of Understanding with GSA to paint the EEOB, and which Plaintiff is challenging in separate litigation. Plaintiff likewise disputes that the Department of Justice has any "substantial interest" in records concerning the alteration of the EEOB exterior. 5 U.S.C. § 552(a)(6)(B)(iii)(III).

Plaintiff alone further notes that Defendant's stated plan to make its next production "on or before May 31, 2026," is also inconsistent with paragraph 3 of the Scheduling Order, which requires Defendant to "produce documents on a rolling basis, beginning after the first 500 pages

are processed." ECF No. 16 ¶ 3. Producing once-monthly in bulk batches is not rolling production; paragraph 3 contemplates the ongoing release of responsive, non-exempt records as processing is completed and consultations are returned.

Finally, Plaintiff alone notes that, to address Defendant's chronic non-compliance with FOIA and its non-compliance with paragraphs 2 and 3 of this Court's April 1, 2026 Scheduling Order, Plaintiff respectfully requests that the Court order Defendant to come into immediate compliance with paragraphs 2 and 3 of the Scheduling Order. Absent such an order, Plaintiff intends to file a Motion to Compel, which will request, as a remedy for Defendant's repeated and ongoing non-compliance, an order directing Defendant to produce all records currently being withheld in whole or in part, including but not limited to all records held under the pending Executive Office of the President and Department of Justice consultations, together with such other relief as the Court deems just and proper. Plaintiff reserves the right to seek attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

Plaintiff respectfully proposes that the parties file biweekly joint status reports, with the next report due on or before May 14, 2026.

Dated: April 30, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachariah Weston Lindsey*
Zachariah (Zack) Weston Lindsey
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-6612

*Attorneys for the United States of America*

/s/ Lydia Dexter, Bar No. OR0032

4

CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email: lydia@culturalheritagepartners.com

/s/ Caitlin McCurdy, Bar No. NH0004
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email: caitlin@culturalheritagepartners.com

/s/ Gregory Alan Werkheiser, Bar No. VA210
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (703) 408-2002
Email:  greg@culturalheritagepartners.com

/s/ Marion Forsyth Werkheiser, Bar No. 486465
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email:  marion@culturalheritagepartners.com