UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DC Preservation League,<br><br>            Plaintiff,<br><br>     v.<br><br>General Services Administration,<br><br>            Defendant. | Civil Action No. 26-32 (JDB) |

## JOINT STATUS REPORT

Pursuant to the Court's May 1, 2026 Minute Order, Defendant U.S. General Services Administration ("Defendant" or "GSA") and Plaintiff DC Preservation League ("Plaintiff" or "DCPL") submit this status report to apprise the Court of the progress in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

The case concerns a November 20, 2025 FOIA request from Plaintiff to GSA seeking records related to plans to paint or otherwise alter the exterior of the Dwight D. Eisenhower Executive Office Building ("EEOB"). ECF No. 1, Compl. ¶ 31.

**Defendant's Position**

Defendant reports compliance with the Court's April 1, 2026 scheduling order (ECF No. 16). Defendant processed 505 pages and made its first interim production to Plaintiff on April 30, 2026. Defendant is processing the next 542 pages and expects to make its second interim production of these pages to Plaintiff by May 29, 2026. Defendant further notes that it has sent three batches of documents as consults. Defendant intends to complete its review of the consult records within 14 calendar days of their return and to produce non-exempt responsive records on a rolling basis, as stated in the Court's May 1, 2026, Minute Order. Defendant needs this time to

process and produce the records. Defendant provides the following update on the three batches sent for consult:

- The first batch of 182 pages was sent to the Department of Justice on March 31, 2026, with a requested return date of April 10, 2026 (10 days after consults were sent). Those documents were returned to GSA on May 20, 2026. Defendants expect to produce these documents on June 3, 2026.
- The second batch of 163 pages was sent to the Executive Office of the President on March 31, 2026, with a requested return date of April 10, 2026 (10 days after consults were sent). Those documents have not yet been returned. Defendant has followed up requesting a return date and informed the Executive Office of the President that the Court requested return of consultations within 20 calendar days from the date GSA sent them.
- The third batch of five pages was sent to the Executive Office of the President on April 21, 2026. Defendant has informed the Executive Office of the President that the Court requested return of consultations within 20 calendar days from the date GSA sent them.

Defendant is willing to produce a draft *Vaughn* index prior to the filing of its Motion for Summary Judgment in an effort to resolve the case without further briefing.

Plaintiff continues to assert that Defendant's consults are not proper because the documents are sent to agencies not covered by FOIA. But consults may be shared with "another agency or entity which holds an interest in the documents that are the subject of a FOIA request … Consultations, rather than referrals, are also appropriate when an agency locates records in its files that originated with an entity that is not itself subject to the FOIA." U.S. Dep't of Just., *Referrals, Consultations, and Coordination: Procedures for Processing Records When Another Agency or Entity Has an Interest in Them*, OIP Blog (July 26, 2021), https://www.justice.gov/oip/blog/referrals-consultations-and-coordination-procedures-processing-records-when-another-agency. Thus, Defendant can consult with entities that do not meet the definition of "agency" under FOIA.

Defendant opposes Plaintiff's continued attempts to litigate the appropriate timing of Defendant's completion of its production of records by statements in a joint status report.  A joint status report's proper purpose is to concisely update the Court on the status of the case and to

identify matters that may warrant further proceedings—not to litigate the merits. Ordering an agency to complete an action is different than the Court addressing scheduling matters for the Parties in a FOIA case. Federal Rule of Civil Procedure 7(b)(1) requires that "[a] request for a court order must be made by motion." A separately filed motion would allow the Court to see exactly what relief Plaintiff requests, the factual bases (if any) in support, and the legal argument(s) trying to justify this relief. A separately filed motion would also provide notice to Defendants so that they could appropriately prepare their response, gather factual materials if needed, and address the merits. Plaintiff's short, drive-by request for injunctive relief above is procedurally improper and does not come close to meeting its burden.

Defendant respectfully proposes that the parties file their next joint status report on or before July 21, 2026.

### Plaintiff's Position

Defendant has failed to comply with the Court's May 1, 2026 Minute Order requiring Defendant to "produce records on a rolling rather than monthly basis." Defendant has not produced a single document since the April 30 production. Further, Defendant now proposes to revert to monthly production, suggesting a second production date of May 29. The second proposed production will not even include the 182 pages returned to Defendant from the Department of Justice consultation 41 days late.

Defendant continues to hide the identity of the component of the Executive Office of the President ("EOP") to which records were referred. Plaintiff strongly suspects that this is because Defendant has requested record review by the Office of Administration, which is not an agency with rights to conduct such review under FOIA. 5 U.S.C. § 552(a)(6)(B)(iii)(III). Plaintiff's reasonable basis for this suspicion is that GSA has purported to transfer its authority to oversee the

painting of the EEOB to the Office of Administration, a move that Plaintiff is challenging as unlawful in separate litigation.

Moreover, EOP is not engaging in the consult in good faith. Defendant has nothing to report by way of EOP's plans to actually complete a review of the March 31 and April 21 requests, which were lodged 51 and 30 days ago respectively, despite the Court's order that Defendant request consultations be returned within 20 days.

Plaintiff is not litigating the merits of the case. In order to provide the Court with an accurate update about the status of the case, Plaintiffs assert that Defendants are not honoring the Court's previous orders, which require production of documents on a rolling basis. To partially address Defendant's chronic non-compliance with FOIA and this Court's orders, Plaintiff respectfully requests that the Court order Defendant to:

- produce the 182 pages reviewed by the Department of Justice by May 29, 2026;

- produce the 168 pages sent to the EOP for consultation by May 29, 2026; and

- disclose to which subcomponent(s) of the EOP Defendant sent each consult request.

Plaintiff reserves the right to seek attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E). Plaintiff reserves all challenges to the adequacy of Defendant's search, the agency's segregability analysis under 5 U.S.C. § 552(b), and the invocation of Exemptions (b)(4), (b)(5), and (b)(6).

Plaintiff respectfully proposes that the parties file their next joint status report on or before June 17, 2026.

*    *    *

4

Dated: May 21, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachariah Weston Lindsey*
    Zachariah (Zack) Weston Lindsey
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    202-252-6612

*Attorneys for the United States of America*

/s/ Lydia Dexter, Bar No. OR0032
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email: lydia@culturalheritagepartners.com

/s/ Caitlin McCurdy, Bar No. NH0004
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email: caitlin@culturalheritagepartners.com

/s/ Gregory Alan Werkheiser, Bar No. VA210
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (703) 408-2002
Email: greg@culturalheritagepartners.com

/s/ Marion Forsyth Werkheiser, Bar No. 486465
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email: marion@culturalheritagepartners.com

5