**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DC PRESERVATION LEAGUE,**

Plaintiff,

v.

**GENERAL SERVICES ADMINISTRATION,**

Defendant.

Civil Action No. 26-32 (JDB)

**PLAINTIFF'S MOTION TO COMPEL MISSING PRODUCTION AND *VAUGHN* INDEX AND MEMORANDUM IN SUPPORT**

## PLAINTIFF'S MOTION TO COMPEL MISSING PRODUCTION AND *VAUGHN* INDEX AND MEMORANDUM IN SUPPORT

Plaintiff DC Preservation League ("DCPL"), by and through undersigned counsel, respectfully moves this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and Local Civil Rule 7 for an order compelling Defendant General Services Administration ("GSA" or "Defendant") to (1) produce a *Vaughn* Index within 30 days of the Court's order, and (2) account for the 218 pages that Defendant represents it processed but has not placed in any released, withheld, or duplicative category in its four productions. A proposed order is filed herewith pursuant to Local Civil Rule 7(c).

### I. INTRODUCTION

This case arises under the Freedom of Information Act ("FOIA" or "the Act"). 5 U.S.C. § 552. DCPL submitted a FOIA request to Defendant on November 20, 2025, seeking expedited processing and information about GSA's work on the exterior of the Dwight D. Eisenhower

Executive Office Building ("EEOB") in Washington, D.C. In response, GSA not only failed to determine which records would be responsive to DCPL's FOIA request, but it also failed entirely to decide DCPL's request for expedited processing. FOIA requires that federal agencies provide "for expedited processing of requests" where a requester demonstrates a "compelling need" or "in other cases determined by the agency." 5 U.S.C. §§ 552(a)(6)(E)(i)(I), (II). GSA's FOIA regulations allow for expedited processing in two relevant circumstances: (1) where there is an "urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information;" and (2) where there is a "matter of widespread and exceptional media interest in which there exist possible questions about the Government's integrity that affect public confidence." 41 C.F.R. §§ 105-60.306(c)(2), (4). GSA regulations further require that "GSA shall notify the requester within 10 calendar days…its decision whether to grant or deny expedited processing." *Id.* § 105-60.306(d); *see also* 5 U.S.C. § 552(a)(6)(E)(ii)(I). GSA never granted or denied that request, and it has never sought a stay of proceedings under 5 U.S.C. § 552(a)(6)(C). DCPL filed this lawsuit on January 7, 2026. *See* ECF No. 1.

Almost seven months have now passed since DCPL filed suit. Defendant asserts that it sent its final production to DCPL on July 14, 2026, but it has not yet provided a *Vaughn* Index justifying any claimed exemptions. Defendant estimates that it cannot provide a *Vaughn* Index until October 29, 2026, which would be over eleven months from DCPL's original FOIA request. ECF No. 21 at 1. Additionally, Defendant fails to account for 218 missing pages that it claims were processed but did not include in any of the category itemizations for any of the four productions.

Defendant's position is both unreasonable and contrary to law. DCPL's FOIA request is not large, and, more importantly, Defendant has already reviewed the relevant documents and

made its determinations in order to make the four productions. The *Vaughn* Index is simply an exercise in GSA documenting its work. Defendant has stated since at least March 2026 that it would provide a *Vaughn* Index in an effort to resolve the case without further briefing. *See* ECF Nos. 13 at 2, 17 at 2, 18 at 2. It is not unduly burdensome to ask Defendant to produce the very document it has said it would produce since beginning review of the relevant records. The Court should order production within 30 days.

## II. FACTUAL BACKGROUND

Defendant sent a first interim response and production on April 30, 2026. For the first interim production, Defendant stated that 505 pages were processed and released 97 pages in full and 211 pages in part. Defendant withheld 47 pages in full and asserted that 35 pages were duplicates. The letter also stated that "[t]wo consultations are pending with other agencies, one consultation consists of 182 pages and one consultation consists of 168 pages." Letter from Amanda Jones, FOIA Program Manager, GSA, to Jessie Barrington (Apr. 30, 2026) (attached as Ex. 1). GSA's first production, by its own explanation, leaves 115 processed pages unaccounted for.

Defendant sent a second interim response and production on May 26, 2026. For this second interim production, Defendant stated that 1,039 pages were processed and released 113 pages in full and 429 pages in part. Defendant withheld 189 pages in full and asserted that 308 pages were duplicates. Letter from Amanda Jones, FOIA Program Manager, GSA, to Jessie Barrington (May 26, 2026) (attached as Ex. 2).

Defendant sent a third interim response and production on June 3, 2026. Defendant stated that it had processed two consultation responses from the Department of Justice ("DOJ") and Executive Office of the President ("EOP") totaling 345 pages. This third interim production

released five pages in full, 72 pages in part, withheld seven pages in full, and declared 158 pages to be duplicates. Letter from Amanda Jones, FOIA Program Manager, GSA, to Jessie Barrington (Jun. 3, 2026) (attached as Ex. 3). GSA's third production, by its own explanation, leaves 103 processed pages unaccounted for.

Defendant then sent a fourth and final response and production on July 14, 2026. For the final production, Defendant stated that it was producing five pages, in part, that were sent to the EOP for consultation. Letter from Amanda Jones, FOIA Program Manager, GSA, to Jessie Barrington (Jul. 14, 2026) (attached as Ex. 4). This letter did not address or resolve the issue of the 218 missing pages.

| | Pages Processed | Pages Released in Full | Pages Released in Part | Pages Withheld | Duplicate Pages | Missing Pages |
|---|---|---|---|---|---|---|
| 1st Production | 505 | 97 | 211 | 47 | 35 | 115 |
| 2nd Production | 1,039 | 113 | 429 | 189 | 308 | 0 |
| 3rd Production | 345 (182 +163) | 5 | 72 | 7 | 158 | 103 |
| 4th Production | 5 | 0 | 5 | 0 | 0 | 0 |
| **Total** | **1,894** | **215** | **717** | **243** | **501** | **218** |

## III. LEGAL STANDARD

This Court should require Defendant GSA to account for the missing 218 pages and to produce a *Vaughn* Index in 30 days. FOIA "provides that all documents are available to the public unless specifically exempted by the Act itself[]" and when "the Government declines to disclose a document the burden is upon the agency to prove *de novo* in trial court that the information sought fits under one of the exemptions to the FOIA." *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). To carry this burden, an agency must submit "an affidavit (referred to as the 'Vaughn Index') specifically identifying each document they seek to withhold and/or the precise

redaction of each document they wish to make, along with 'a relatively detailed justification' for their assertions." *Citizens for Resp. & Ethics v. U.S. Dep't of Just.*, 840 F. Supp. 2d 226, 229–30 (D.D.C. 2012). A court may compel production of a *Vaughn* Index when an agency has failed to meet its burden or has unreasonably delayed in providing the justification required by law. *Id.* at 236.

## IV. ARGUMENT

GSA's burden cannot be satisfied through conclusory assertions or delay. The agency must provide a *Vaughn* Index to explain why it has only released 717 pages in part and completely withheld 243 pages. It must also account for the missing 218 pages. The purpose of a *Vaughn* Index is to permit adequate adversarial testing of the agency's claimed right to an exemption. *Vaughn*, 484 F.2d at 826 (holding that "[i]t is vital that some process be formulated that will (1) assure that a party's right to information is not submerged beneath governmental obfuscation and mischaracterization, and (2) permit the court system effectively and efficiently to evaluate the factual nature of disputed information"). Here, GSA must provide a *Vaughn* affidavit explaining its reasons for withholding the documents to inform DCPL as to the nature of the documents withheld, in full and in part. Defendant must also account for the 218 pages that Defendant represents it processed but has not placed in any released, withheld, or duplicative category in its four productions.

### A. Defendant's Delay in Producing a *Vaughn* Index Is Unreasonable and Prejudicial.

A *Vaughn* Index is not a ministerial or optional formality. It is the primary mechanism by which an agency sustains its burden under FOIA. DCPL filed this lawsuit on January 7, 2026. As of the date of this Motion, Defendant has failed to provide a *Vaughn* Index justifying its withholding or supporting its claimed exemptions. Even though Defendant has said that it would

provide a *Vaughn* Index since at least March 2026, *see* ECF Nos. 13 at 2, 17 at 2, 18 at 2, Defendant now represents that it will not be able to do so until October 29, 2026. That timeline would result in a delay of almost a year from DCPL's original FOIA request.

Such delay is neither reasonable nor consistent with FOIA's mandate of prompt disclosure. Defendant has already had ample time to review the requested records. Given that Defendant has been able to review and produce records, it has necessarily undertaken the analysis required to prepare a *Vaughn* Index for any documents it claims are exempt. There is no justification for withholding that Index for an additional three months.

The delay prejudices DCPL in multiple respects. Without a *Vaughn* Index, DCPL cannot assess the legitimacy of Defendant's claimed exemptions, cannot meaningfully challenge those claims, and cannot move forward with this litigation. The lack of a *Vaughn* Index leaves DCPL in the dark regarding the scope of withheld material and the legal basis for withholding it. This is precisely the informational asymmetry that the *Vaughn* requirement was designed to remedy. *Vaughn*, 484 F.2d at 826. Moreover, Defendant's refusal to meet DCPL's reasonable demand for production within 30 days demonstrates that a court order with a specific deadline is required.

**B. A Court Order Requiring Production of a *Vaughn* Index in 30 Days Is Reasonable.**

A 30-day deadline is reasonable under the circumstances.[1] Defendant has already reviewed the requested records sufficiently to make productions. The work required for GSA to prepare a *Vaughn* Index (*e.g.*, identifying documents, categorizing claimed exemptions, and providing brief

---

[1] Plaintiff notes that based on the briefing schedule for this Motion (*i.e.*, Defendant will have 14-days to oppose this Motion and Plaintiff will have 7 days to reply), that if this Court orders Defendant to produce a *Vaughn* Index within 30 days of the Court's order, then Defendant will have actually had over 60 days to prepare a *Vaughn* Index.

explanations) should already be substantially complete. 30 days is more than adequate for Defendant to finalize and submit the Index. *See, e.g.*, *Grand Marina Invs., LLC v. Internal Revenue Serv.*, Case No. 23-cv-1676-RCL, 2024 U.S. Dist. LEXIS 169891, at *3, *24 (D.D.C. Sept. 20, 2024) (court ordered the Internal Revenue Service to produce a *Vaughn* Index within 30 days when there were 2,086 pages of responsive records); *Project on Gov't Oversight, Inc. v. U.S. Dep't of Homeland Sec.*, 657 F. Supp. 3d 50, 55 (D.D.C. 2023) (the Department of Homeland Security was ordered to produce a *Vaughn* Index in 30 days); *Protect the Public's Tr. v. Internal Revenue Serv.*, Case No. 23-cv-340-RCL, 2024 U.S. Dist. LEXIS 27007, at *5 (D.D.C. Feb. 16, 2024) (court ordered the Internal Revenue Service to produce a *Vaughn* Index and a supporting dispositive motion within 30 days).

## V. CONCLUSION

Defendant GSA has already had ample time to prepare a *Vaughn* Index justifying any claimed exemptions to DCPL's FOIA request. Defendant's representation that it will need an additional 90 days is unreasonable and inconsistent with the agency's burden under FOIA. The Court should compel Defendant to produce a complete *Vaughn* Index within 30 days and to account for the 218 missing pages.

## RELIEF REQUESTED

Wherefore, Plaintiff DCPL respectfully requests that this Court:

A. Grant this Motion to Compel;

B. Order Defendant GSA to produce a complete *Vaughn* Index within 30 days of the date of the Court's order;

C. Order Defendant GSA to account for the 218 pages that Defendant represents it processed but has not placed in any released, withheld, or duplicative category in its four productions; and

D. Grant such other and further relief as the Court deems just and proper.

Dated: August 6, 2026

Respectfully submitted,

/s/ Gregory Alan Werkheiser, Bar No. VA210
Marion Forsyth Werkheiser, Bar No. 486465
Lydia Dexter, Bar No. OR0032
Caitlin McCurdy, Bar No. NH0004
Charles N. Curlett, Jr., Bar No. 497920
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (703) 408-2002
Emails:
greg@culturalheritagepartners.com
marion@culturalheritagepartners.com
lydia@culturalheritagepartners.com
caitlin@culturalheritagepartners.com
charles@culturalheritagepartners.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on Defendant via CM/ECF electronic notice.

***/s/ Gregory Alan Werkheiser***

*GREGORY ALAN WERKHEISER*

Attorney for Plaintiff