UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DC Preservation League,<br><br>Plaintiff,<br><br>v.<br><br>General Services Administration,<br><br>Defendant. | Civil Action No. 26-32 (JDB) |

**RESPONSE TO MOTION TO COMPEL**

Plaintiff seeks the expedited production of a draft *Vaughn* index within 30 days; however, there is no basis for its motion to compel and granting such relief would unfairly allow Plaintiff to cut in line ahead of other FOIA requesters. As stated in the Joint Status Reports, this case concerns a November 20, 2025, FOIA request from Plaintiff to GSA seeking records related to plans to paint or clean the exterior of the Dwight D. Eisenhower Executive Office Building ("EEOB"). ECF No. 1, Compl. ¶ 31. The records sought in this suit relate to a November 2025 lawsuit Plaintiff has filed against the Government for allegedly failing to follow the proper procedural requirements before taking actions that will change the EEOB. *Id.* ¶ 26. Particularly given this FOIA request concerns records directly related to litigation, GSA needs ninety days to confer with consulting agencies and prepare a draft *Vaughn.*

First, ninety days is a reasonable timeframe for a draft *Vaughn* index in this case. As explained in the prior joint status report, ninety days is reasonable because it is based on the need to review redactions across 932 pages, coordinate with consulting agencies, and accommodate Defendant's current resource and staffing constraints. ECF No. 21 at 1. Moreover, Plaintiff previously declined to narrow its request to exclude records and communications relating solely

to the underlying lawsuit. Exhibit A, Email Declining Narrowing. That decision has increased the time needed to process its claim, as consultation has been, and continues to be, required to address litigation-related documents. *Id.* at 1. This was conveyed to Plaintiff at the beginning of this litigation. *Id*. Further, it is a reasonable use of agency resources to wait to begin a draft *Vaughn* index until after Plaintiff identifies withholdings it wishes to challenge, which Plaintiff did not begin to do until July 24, 2026.[1] Thus, ninety days for a draft *Vaughn* is reasonable in this case.

Second, Plaintiff's Motion makes no reference to its compliance with conferral obligations under the local rules. *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) ("If a party files a nondispositive motion without certifying its compliance with [Local Civil] Rule 7(m), the motion will be denied."). Further, Local Civil Rule 7(m) required Plaintiff to "discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." Local Civ. R. 7(m). Plaintiff did not confer with the undersigned regarding its intent to file a motion to compel over the missing pages before filing its motion. And Plaintiff's motion ignores that Defendant responded to its question about missing pages in the third production on July 29, stating: "Regarding your page count question, GSA reviewed and says the discrepancy is because some pages counted twice in the pages sent for consult (meaning 345 pages were sent for consult, but some pages contain both consulting entities equities processed separately)." Exhibit B, Response to Missing Page Count Question. Thus, the Court also should deny Plaintiff's Motion for failure to comply with Local Civil Rule 7(m).

Defendant has continually been diligent in this litigation, pressing consultants to return records timely and progressing quickly despite the added complexities of reviewing documents

[1] Plaintiff agreed to narrow its challenged withholdings on July 28, 2026.

directly related to litigation. Thus, Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel.

Dated: August 6, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachariah Weston Lindsey*
Zachariah (Zack) Weston Lindsey
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-6612

*Attorneys for the United States of America*