**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DC PRESERVATION LEAGUE**, Civil Action No. 26-32 (JDB)

Plaintiff,

v.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL**

**GENERAL SERVICES ADMINISTRATION**,

Defendant.

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL

Earlier today, Plaintiff DC Preservation League ("DCPL") filed a Motion to Compel Missing Production and *Vaughn* Index (the "Motion"), ECF No. 22. Defendant General Services Administration ("GSA" or "Defendant") then filed a Response to Plaintiff's Motion to Compel, ECF No. 23, asserting that (1) 90 days is a reasonable timeframe for GSA to produce a draft *Vaughn* Index, and (2) Plaintiff did not properly confer with GSA prior to filing the Motion. Because 90 days is not a reasonable amount of time to produce a *Vaughn* Index for a small production, and because counsel for Plaintiff properly conferred with counsel for Defendant before filing the Motion, the Court should grant the Motion to Compel.

GSA claims that DCPL violated Local Rule 7(m), and thus, this Court should deny the Motion entirely. ECF No. 23 at 2. Plaintiff acknowledges it inadvertently omitted a certification of conferral in its initial Motion. DCPL corrects that here and so certifies. But GSA also asserts that "Plaintiff did not confer with the undersigned regarding its intent to file a motion to compel over the missing pages before filing its motion." *Id.* That assertion is misleading. It is concerning that GSA would fail to inform the Court either of our phone call or the subsequent email memorializing the discussion. Local Rule 7(m) states that:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. ... A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Local Civ. R. 7(m).

Counsel for DCPL did confer with counsel for GSA before proceeding to file the Motion. As evidenced by the email attached as Exhibit 1, counsel for Plaintiff conferred with counsel for Defendant, in good faith, via email and phone on Wednesday, July 29, 2026. In the meet and confer, counsel discussed whether GSA would agree to produce the *Vaugn* Index in less than 90 days via phone. Ex. 1 at 1. Counsel for Defendant would not agree to do so, and counsel for Plaintiff memorialized this discussion via email. *Id.* While also true that counsel did not expressly discuss "the missing pages" during that call, DCPL reasonably expected that GSA's failure to account for 218 pages in response to the Freedom of Information Act ("FOIA") request would by necessity have to be addressed in the *Vaughn* Index. The issue of when to produce the *Vaughn* Index is not separate from the issue of the missing documents. When GSA produces the *Vaughn* Index, it must address the missing documents. Thus, the meet and confer that in fact took place satisfies the requirements of Local Rule 7(m).

Even though the purpose of Local Rule 7(m) has been achieved, GSA nevertheless asks the Court to dismiss based on DCPL's failure to so certify, citing *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006). But in *Ellipso*, the Court denied the motion not because of a ministerial error, but because the parties did not meet and confer at all.

> The Rule requires, however, at the absolute minimum, that counsel "discuss the anticipated motion" and that they do so "in person or by telephone." While counsel in this case have shown themselves to be capable of generating an abundance of paper in corresponding about the underlying discovery disputes, there is no indication that opposing counsel notified each other that they were filing these discovery motions, nor is there any hint that they have discussed the motions in

> person or by phone, as required. Because the parties have not complied with Local Civil Rule 7(m), their discovery motions are denied.

*Id.* at 102. Here, the Parties' counsel did in fact discuss the anticipated Motion, by telephone, and memorialized the conversation in an exchange of emails. *See* Ex. 1. Local Rule 7(m) does not require this Court to dismiss the Motion when all purposes of the rule have been satisfied, and the error of including a certification has now been cured. DCPL is confident that the issues in dispute have been narrowed as far as possible, as reflected in Exhibit 1. Here, a meet and confer to discuss the Motion occurred and was memorialized. DCPL respectfully asks this Court to accept Plaintiff's 7(m) certification below and decide on the Motion at its earliest convenience now that the Motion to Compel has been fully briefed. *See* ECF Nos. 22, 23.

Dated: August 6, 2026

Respectfully submitted.

/s/ *Charles N. Curlett, Jr.*

Charles N. Curlett, Jr., Bar No. 497920
Gregory Alan Werkheiser, Bar No. VA210
Marion Forsyth Werkheiser, Bar No. 486465
Lydia Dexter, Bar No. OR0032
Caitlin McCurdy, Bar No. NH0004
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (703) 408-2002
Emails:
greg@culturalheritagepartners.com
marion@culturalheritagepartners.com
lydia@culturalheritagepartners.com
caitlin@culturalheritagepartners.com
charles@culturalheritagepartners.com

*Counsel for Plaintiff DCPL*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on Defendant via CM/ECF electronic notice.

/s/ ***Charles N. Curlett, Jr.***
Charles N. Curlett, Jr.
Attorney for Plaintiff

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(M)**

I hereby certify that prior to filing the Motion to Compel, I discussed the anticipated motion by telephone with opposing counsel from GSA in a good faith effort to determine whether there is any opposition to the relief sought. GSA indicated it opposed the Motion.

/s/ ***Charles N. Curlett, Jr.***
Charles N. Curlett, Jr.
Attorney for Plaintiff