**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DC PRESERVATION LEAGUE,**

**Plaintiff,**

**v.**

**GENERAL SERVICES ADMINISTRATION,**

**Defendant.**

**Civil Action No. 26-32 (JDB)**

**ORDER**

Before the Court is the parties' dispute regarding the proper timeline for the government to produce a Vaughn Index. DC Preservation League asks that the General Services Administration produce the Index within thirty days of this order. Pl.'s Mot. to Compel [ECF No. 22] at 1. GSA seeks to produce the Index within ninety days and additionally argues that DCPL's motion should be denied for failure to comply with Local Civil Rule 7(m). Def.'s Opp'n [ECF No. 23] at 1-2.

The Court will not deny DCPL's motion based on noncompliance with Local Civil Rule 7(m), which requires parties to meet and confer prior to filing non-dispositive motions. The parties adequately conferred regarding the timeline for the Vaughn Index before DCPL filed its motion but could not come to an agreement. See July 29, 2026 Emails [ECF No. 24-1] at 1-2. Moreover, while it is true that DCPL failed to certify its compliance with Rule 7(m) in its motion, the Court nevertheless has discretion to reach the merits of a technically noncompliant motion. See Johnson v. ACB Ideas, LLC, Civ. A. No. 23-02944, 2024 WL 3225994, at *2 (D.D.C. June 28, 2024). Counsel are reminded, however, of their obligation to comply with the Local Civil Rules.

In light of [22] plaintiff's motion to compel, and the entire record herein, it is hereby

**ORDERED** that defendant produce a Vaughn Index by not later than October 9, 2026, and that this

Index should account for any discrepancies between the number of pages that were processed by defendant and produced to plaintiff.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: August 26, 2026